UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLA HUYLER,

    Plaintiff,

      v.                                Case No:   2:19-cv-330-FtM-38NPM

WELLS FARGO BANK, N.A.,

    Defendant.

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court on *sua sponte* review of the file. For the reasons detailed in the Court's order dated February 24, 2020 (Doc. 63), which is fully incorporated herein, the Court required Plaintiff Carla Huyler to pay a $350 sanction by March 23, 2020 or once again face the dismissal of this action. In a nutshell, the Court found Huyler willfully and repeatedly flouted the Court's orders, and her claims were due to be dismissed for failure to comply with a previously entered show cause order. But given the likelihood that a subsequent suit would likely be time-barred—making any dismissal effectively with prejudice—the Court, to deter any further contumacious conduct, opted instead to impose a monetary sanction equivalent to the statutory filing fee that Huyler would have to pay to initiate a subsequent suit.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this document.

Huyler did not object to the February 24 sanctions order, and any challenge to the order is therefore waived. Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."). Nor did Huyler timely pay the sanction as ordered.

In sum, despite numerous accommodations and warnings, Huyler refuses to comply with the Court's orders. And the Court has reflected upon the wide range of sanctions at its disposal and concluded that none save dismissal would spur this litigation to its just completion. Consequently, pursuant to Rule 41(b) and the Court's inherent authority to manage its docket, this action should be dismissed. *See* Fed. R. Civ. P. 41(b) (if a plaintiff fails to comply with a court order, the action may be dismissed); *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (a district court need not tolerate defiance of reasonable orders and may dismiss an action for noncompliance pursuant to Rule 41(b) or its inherent authority).

Accordingly, it is hereby respectfully **RECOMMENDED**:

(1)   Plaintiff's Complaint (Doc. 3) be dismissed.

(2)   All pending motions and deadlines be terminated, and the case closed.

Respectfully recommended in Chambers in Fort Myers, Florida on April 13, 2020.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties